1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9 GALDERMA LABORATORIES, L.P., | Case No. 2:21-CV-05522-FLA (SKx) |
| 10 Plaintiff, | **Discovery Document: Referred to Magistrate Judge Steve Kim** |
| 11 v. | |
| 12 | STIPULATED AMENDED PROTECTIVE ORDER |
| 13 CHAD TISCKOS, | |
| 14 Defendant. | Trial Date:          May 2, 2023 |
| 15 | Complaint Filed:   July 8, 2021 |

16    1. <u>PURPOSES AND LIMITATIONS</u>

17        Discovery in this action is likely to involve alleged trade secrets and other

18 alleged confidential or proprietary information for which special protection from

19 public disclosure and from use for any purpose other than prosecution of this

20 action is warranted. Such information or material includes confidential business

21 and financial information, information regarding confidential business practices,

22 pricing and business strategies, and other confidential or proprietary information

23 that is otherwise generally unavailable to the public, or which may be privileged

24 or otherwise protected from disclosure under state or federal statutes, court rules,

25 case decisions, or common law.

26        Accordingly, to expedite the flow of information, to facilitate the prompt

27 resolution of disputes over confidentiality of discovery materials, to adequately

28 protect information the Parties may be entitled to keep confidential, to ensure

that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter (the "Order"). It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  This Order[1] does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 12.3 below, this Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  <u>DEFINITIONS</u>

2.1   <u>Action:</u> *Galderma Laboratories, L.P. v. Chad Tisckos*

2.2   <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in Section 1.

---

[1]   This Order includes and incorporates the attached addenda, which provide a higher-level of protection for certain HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (as defined below) information or items that has been or will be disclosed in this matter.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association,  or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13     <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15     <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for

protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        b)    for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

        c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

   6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to

a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) the Court and its personnel;

e) court reporters and their staff;

f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

i) any mediator or settlement officer, and their supporting

personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2) promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3) make the information requested available for inspection by the Non-Party, if requested.

c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may seek to incorporate their agreement into this Order by joint request.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order or to seek a higher level of protection for particular information, documents, or testimony sought in discovery. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected

1  Material may only be filed under seal pursuant to a court order authorizing the
2  sealing of the specific Protected Material at issue. If a Party's request to file
3  Protected Material under seal is denied by the court, then the Receiving Party
4  may file the information in the public record unless otherwise instructed by the
5  court.

6      13.   <u>FINAL DISPOSITION</u>

7        After the final disposition of this Action, as defined in section 4, within 60
8  days of a written request by the Designating Party, each Receiving Party must
9  return all Protected Material to the Producing Party or destroy such material. As
10  used in this subdivision, "all Protected Material" includes all copies, abstracts,
11  compilations, summaries, and any other format reproducing or capturing any of
12  the Protected Material. Whether the Protected Material is returned or destroyed,
13  the Receiving Party must submit a written certification to the Producing Party
14  (and, if not the same person or entity, to the Designating Party) by the 60 day
15  deadline that (1) identifies (by category, where appropriate) all the Protected
16  Material that was returned or destroyed and (2) affirms that the Receiving Party
17  has not retained any copies, abstracts, compilations, summaries or any other
18  format reproducing or capturing any of the Protected Material. Notwithstanding
19  this provision, Counsel are entitled to retain an archival copy of all pleadings,
20  motion papers, trial, deposition, and hearing transcripts, legal memoranda,
21  correspondence, deposition and trial exhibits, expert reports, attorney work
22  product, and consultant and expert work product, even if such materials contain
23  Protected Material. Any such archival copies that contain or constitute Protected
24  Material remain subject to this Order as set forth in Section 4 (DURATION).

25      14.   Any violation of this Order may be punished by any and all appropriate
26  measures including, without limitation, contempt proceedings and/or monetary
27  sanctions.

28  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:      September 29, 2022

*/s/Mark A. Romeo*
Attorneys for Plaintiff


DATED:      September 29, 2022

*/s/ Jennifer Redmond*
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:      October 3, 2022

Honorable Steve Kim
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of
perjury that I have read in its entirety and understand the Order that was issued by
the United States District Court for the Central District of California on [date] in the
case of _____ **[insert formal name of the case and the number and
initials assigned to it by the court]**. I agree to comply with and to be bound by all
the terms of this Order and I understand and acknowledge that failure to so comply
could expose me to sanctions and punishment in the nature of contempt. I solemnly
promise that I will not disclose in any manner any information or item that is subject
to this Order to any person or entity except in strict compliance with the provisions
of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Central District of California for the purpose of enforcing the terms of this Order,
even if such enforcement proceedings occur after termination of this action.  I
hereby appoint _____ [print or type full name] of
_____ [print or type full address and
telephone number] as my California agent for service of process in connection with
this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ADDENDUM 1 TO PROTECTIVE ORDER: GALDERMA DESIGNATION OF "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" MATERIAL

1.    PURPOSE OF ADDENDUM

The purpose of this addendum ("Addendum 1") is to permit a "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation procedure for the production of documents by Plaintiff and Counter-Defendant Galderma Laboratories, L.P. ("Galderma") which qualify for such designation.  Galderma may designate only the categories of documents and information outlined below as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" unless otherwise agreed by the Parties or ordered by the Court.  Additionally, to designate any documents or information as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," Galderma must comply with the process outlined below.

2.    DEFINITION OF HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are documents that contain extremely sensitive "CONFIDENTIAL" information or items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by any less restrictive means.

3.    APPLICABLE CATEGORIES OF DOCUMENTS

Documents and information that may qualify for "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation if (1) they satisfy the definition of AEO and (2) are not known or available publicly:

3.1.    Documents showing the "actual," "quota" and "attainment" sales figures by territory for products sold by Galderma; or other customer-level documents showing financial details (e.g. documents showing sales, expected sales, target sales, or buying patterns of customers);

3.2.    Documents consisting of or containing customized tools created by Galderma or its vendors and used by Galderma's sales agents in performing their job duties;

3.3.    Documents containing details of programs and incentives offered by Galderma to customers or prospective customers that customers or prospective customers are prohibited from sharing; and

3.4.    Internal Galderma strategy documents, Galderma documents containing strategy, planning, or self-critical analysis.

4.    <u>DESIGNATION PROCESS</u>

4.1.    Prior to designating any document or information as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," Galderma will identify the following in writing to counsel for Tisckos: (1) whether the information contained in the documents is either known to members of the public (including customers and prospective customers) who are not subject to any non-disclosure agreement or is otherwise publicly available, and (2) an explanation why the information qualifies for designation as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material.  Tisckos' counsel may request, within seven (7) days of receipt of the above information, to review the document(s) at issue before any designation as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  During the interim period, the document(s) will be treated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of such preliminary review.  Tisckos' counsel may request a meet and confer prior to the "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation taking effect.  If the appropriate designation is not resolved through the meet and confer process, the Parties will seek the Court's guidance or ruling.  Unless and until there is a stipulation reached between the Parties and/or the Court issues an order, the documents and information in question will be treated on an interim basis as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.2.   With respect to the production of any hard drive and/or email account produced by Galderma, Tisckos' counsel must first produce the document that it intends to show Tisckos to Galderma to give Galderma a chance to designate any specific information it may have not designated as ""HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" so that Galderma may designate the document and/or information contained therein consistent with Section 3 of this Addenda (unless such document has already been produced by Galderma in this matter, in which event the existing designation, or lack thereof, shall govern).

5.   ACCESS TO AND USE OF PROTECTED MATERIAL

5.1.   <u>Basic Principles.</u>   Tisckos' counsel may use "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that is disclosed or produced by Galderma in connection with this Action only for prosecuting, defending, or attempting to settle this Action. "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed only to the categories of persons and under the conditions described in this Addendum. When the Action has been terminated, Tisckos' counsel must comply with the provisions of section 13 in the Order (FINAL DISPOSITION).

5.2.   <u>Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Galderma, Tisckos' counsel may disclose any information or item designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

a)   Tisckos' Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b)   The Parties' Experts (as defined in this Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)   the Court and its personnel;

          d)      private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

          e)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

          f)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

    5.3.   Notwithstanding the requirements of Section 5.2 above, Tisckos' counsel may discuss information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in general terms between counsel and client, without revealing specifics, and only to the extent necessary to avoid prejudice to the Parties' rights in this litigation ; provided, however at no time shall Tisckos and/or his counsel provide any such information and/or documents disclosed by Galderma under a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation to a Non-Party, including, without limitation, Revance.

    5.4.   Except as otherwise specifically set forth in this Addendum 1, the terms and conditions of the Order shall remain in full force and effect.

ADDENDUM 2 TO PROTECTIVE ORDER: NON-PARTY DESIGNATION OF "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" MATERIAL

1.    PURPOSE OF ADDENDUM

The purpose of this addendum ("Addendum 2") is to permit a "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation procedure for the production of Disclosure or Discovery Material by a Non-Party ("Designating Non-Party") which qualify for such designation.

2.    DEFINITION OF "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

Disclosure or Discovery Material designated by a Designating Non-Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is Disclosure or Discovery Material that contains extremely sensitive "CONFIDENTIAL" information or items, the disclosure of which to a Party or Non-Party would create a substantial risk of serious harm that could not be avoided by any less restrictive means.  Notwithstanding the foregoing, Disclosure or Discovery Material may not qualify for designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such Disclosure or Discovery Material is generally known by the public (other than as a result of a person's breach of duty or other misconduct), including, but not limited to, customers and prospective customers of the Designating Non-Party who are not subject to any non-disclosure or confidentiality agreements.

3.    DESIGNATION OF "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" DISCLOSURE AND DISCOVERY MATERIAL

To designate any Disclosure or Discovery Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," the Designating Non-Party must comply with the process set forth in Section 5 of the Order.

/ / /

/ / /

/ / /

4.     CHALLENGING "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" DESIGNATIONS BY A DESIGNATING NON-PARTY

The procedure for challenging a designation of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be as set forth in Section 6 of the Order.

5.     ACCESS TO AND USE OF PROTECTED MATERIAL

5.1.    Basic Principles. The Parties may use "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that is disclosed or produced by a Designating Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed only to the categories of persons and under the conditions described in this Addendum 2. When the Action has been terminated, the Parties must comply with the provisions of Section 13 in the Order (FINAL DISPOSITION).

5.2.    Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Non-Party, the Parties may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

a)     The Parties' Outside Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b)     The Parties' Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)     the Court and its personnel;

d)     private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    e)    professional jury or trial consultants, mock jurors, and
2  Professional Vendors to whom disclosure is reasonably necessary for this Action
3  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
4  A);

5    f)    the author or recipient of a document containing the "HIGHLY
6  CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information or a custodian or
7  other person who otherwise possessed or knew the "HIGHLY CONFIDENTIAL --
8  ATTORNEYS' EYES ONLY" information; and

9    g)    any mediator or settlement officer, and their supporting
10  personnel, mutually agreed upon by any of the Parties engaged in settlement
11  discussions.

12    5.3.   Notwithstanding the requirements of Section 5.2 above, the parties'
13  counsel may discuss information or items designated as "HIGHLY
14  CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Designating Non-Party in
15  general terms, without revealing specifics, with the following:

16    a)    for Galderma, with its House Counsel that (i) has no involvement
17  in competitive decision-making, (ii) to whom disclosure is reasonably necessary for
18  this litigation, and (iii) who has signed the "Acknowledgment and Agreement to Be
19  Bound" (Exhibit A); and

20    b)    for Tisckos, with Tisckos.

21  6.    Except as otherwise specifically set forth in this Addendum 2, the terms and
22  conditions of the Order shall remain in full force and effect; provided, however,
23  nothing in this Order shall be construed as prohibiting a Non-Party from seeking
24  additional protections.

25

26

27

28